**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Cr. No. 1:19-CR-57 (LO)** |
| | : | **Hon. Liam O'Grady** |
| | : | |
| **SASCHA AMADEUS CARLISLE** | : | |
| **Defendant** | : | |
| | : | |

**DEFENDANT'S MOTION FOR APPOINTMENT OF ADDITIONAL COUNSEL**

COMES NOW the Defendant, Sascha Amadeus Carlisle, by and through counsel, and respectfully moves this Court to appoint an additional counsel to represent Mr. Carlisle, pursuant to the Crimnal Justice Act, 18 U.S.C. 3005, *et. seq.*, *United States v. Boone,* 245 F.3d 352 (4th Cir. 2000), and the *Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act* [hereinafter *Fourth Circuit Plan*].

In *Boone*, the Fourth Circuit held that the Criminal Justice Act "requires that second counsel be appointed upon indictment for capital crimes, regardless of whether the government chooses to seek the death penalty." *See Boone,* 245 F.3d at 364. The Fourth Superseding Indictment (Doc. 439) includes four capital crimes: Count 3, Violent Crimes in Aid of Racketering – Murder (in violation of 18 USC §1959(a)(1)); Count 5, Kidnapping Resulting in Death (in violation of 18 USC §1201(a)(1)); Count 7, Killing While Engaged in Drug Trafficking (in violation of 21 USC §848(e)); and Count 13, Firearms Murder (in violation of 18 USC §924(j)). Three defendants are charged in these counts: Peter Le, Joseph Djuk-Huyun Lamborn and Young Yoo.  These counts all relate to the alleged murder of Brandon White.

While Mr. Carlisle is not charged in any of the capital counts, he is charged in counts that: (1) similarly relate to the alleged murder of Brandon White; and (2) carry the possibility of life imprisonment. Specifically: Count 1, Racketeering Conspiracy (in violation of 18 USC §1962 (d)) and Count 4, Kidnapping Conspiracy (in violation of 18 USC §1201(c)). The remaining charge against him — Count 6, Narcotics Conspiracy (in violation of  21 USC §§ 841 & 846) — also carries the potential of life imprisonment.

In implementing the Criminal Justice Act, the Fourth Circuit specifically provides that: "In capital cases, *and in other such cases of extreme difficulty where the interests of justice so require*, the court may appoint an additional attorney to represent a defendant." *Fourth Circuit Plan* at II.6. (emphasis added). Defense counsel respectfully submits that the instant matter is a case of unusual and significant difficulty where the interests of justice require appointment of an additional attorney for Mr. Carlisle.

The evidence against Mr. Carlise will likely be almost entirely identical to the evidence against the defendants entitled to second counsel under *Boone*. He is charged in the Count 1 Racketering Conspiracy with Le, Lamborn and Yoo, which includes the murder allegations that implicate him. Mr. Carlisle is also charged in Count 4, which similarly relates to that same alleged homicide. Moreover, in the absence of the government seeking the death penalty, the potential of life imprisonment faced by Mr. Carlisle is the same as that faced by those co-defendants. The "interests of justice" require appointment of a second counsel for Mr. Carlisle, who is facing essentially the same allegations and the potential for life imprisonment. *See Fourth Circuit Plan* at II.6.

Moreover, this is also clearly a case "of extreme difficulty." *See id.* This Court has previously designated this as a complex case (*See, e.g.,* Docket Entry 119)  and that was before the additional murder, kidnapping and racketeering allegations. These new allegations add a significant amount of

difficulty and complexity. The discovery is voluminous and ongoing. Moreover, the goverment originally charged more than twenty defendants in this and related Reccless Tigers cases, many of who have pled guilty and can be expected to be witnesses. Defense counsel further antipates testimony of significantly more witnesses including gang experts, forensic experts, uncharged cooperators and the like. Handling the cross-examinations of numerous witnesses during an extended racketeering trial such as this fairly requires two counsel for Mr. Carlisle.

This is an unusual and complex case and will be a lengthy and difficult trial. Second counsel is mandated under *Boone* for at least three co-defendants facing primarily the same evidence as Mr. Carlisle. Defense counsel submits that this is a case of "extreme difficulty where the interests of justice so require" the appointment of additional counsel is warranted pursuant to the Criminal Justice Act.  *See Fourth Circuit Plan* at II.6.

WHEREFORE, Defendant respectfully requests that the Court grant the foregoing motion in the interests of justice.

Respectfully Submitted,

SASCHA AMADEUS CARLISLE
By Counsel

_____/s/_____
JEFFREY D. ZIMMERMAN
Jeffrey Zimmerman, PLLC
108 N. Alfred St.
Alexandria, VA 22314
(703) 548-8911
zimpacer@gmail.com

<u>Certificate of Service</u>

This is to certify that on the 31th day of August 2020, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record.

_____/s/_____
JEFFREY D. ZIMMERMAN