IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   No. 1:19-cr-57 (LO) |
| | ) |
| SASCHA CARLISLE | ) |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States, through counsel, hereby submits its position on sentencing, currently scheduled for July 29, 2022. As discussed below, we ask the Court to sentence the defendant to three concurrent twenty-year terms of imprisonment on Counts 1, 4, and 6 of the Fourth Superseding Indictment. Although this sentence would be below the recommended guideline range, we believe a twenty-year sentence is reasonable given the defendant's role within the gang, his drug-related conduct, his participation in the kidnapping and murder of Brandon White, and his guilty plea. We also believe a sentence of twenty years would avoid any unwarranted sentencing disparities with those defendants already sentenced by this Court.

**I.  Background**

The defendant, Sascha Carlisle, also known as Sosa or Wolf, was a member of the West Side Asian Boyz, a California-based gang affiliated with the Reccless Tigers.[1] The Presentence Report describes in detail the gang's history, narcotics trafficking, and acts of violence, as well as the various roles of the defendants and unindicted co-conspirators in this case (Dkt. 879 at ¶¶ 11-81). The Fourth Superseding Indictment similarly describes the history and structure of the

---

[1] As alleged in the Fourth Superseding Indictment, the Reccless Tigers includes the Reccless Tigers and its affiliated entities of Club Tiger, Tiger Side, Lady Ts, and Asian Boyz. In his Statement of Facts, Carlisle admitted that he was a member of the West Side Asian Boyz (Dkt. 761 at ¶ 1).

gang and its decade-long pattern of racketeering activity, including numerous acts of violence, narcotics trafficking, money laundering, obstruction of justice, and other offenses (*see United States v. Peter Le et al.*, No. 1:19-cr-57 (LO) at Dkt. 439).

The defendant, Sascha Carlisle, was a long-time friend of Tony Le, one of the gang's leaders. Carlisle performed many different jobs for the organization.[2] His primary responsibility was the transportation and delivery of drugs and money. Carlisle transported drugs from California to Virginia, and he also made deliveries of drugs in Virginia and the Washington, D.C. area to other gang members (Dkt. 761 at ¶ 10).[3] Carlisle also picked up the cash proceeds of drug transactions and delivered the cash to other members of the gang. He also deposited and withdrew the cash proceeds of the gang's drug trafficking at banks in Virginia and California.

Carlisle was a frequent visitor to the gang's marijuana farm near Hayfork, California. In June 2017, he drove to the farm to pick up the first harvest of marijuana following Tony Le's investment in the grow operation. Thereafter, he sometimes worked at and picked up marijuana from the farm. He also delivered workers to the farm (Dkt. 761 at ¶¶ 11-12).[4]

Carlisle also played a significant role in the kidnapping and murder of Brandon White. On January 31, 2019, Carlisle left the Airbnb house where he was staying and drove in his blue

---

[2] One witness at the recent trial of Tony Le, Peter Le, Young Yoo, and Joseph Lamborn described Carlisle as being "high up" in the hierarchy of the gang and Tony Le's "right-hand" man. Transcript, Vol. 3 at 287.

[3] At the trial, a number of witnesses testified that Carlisle delivered drugs for Tony Le and, later, for Peter Le. For example, Dane Hughes, a Club Tiger member, had been delivering drugs and picking up money for Peter Le until the fall of 2018, at which point Carlisle took over those duties. Carlisle then continued delivering drugs for the gang in the Washington, D.C. area even after the arrest of Peter Le on February 15, 2019. Carlisle and Hughes also maintained several Airbnb rentals in the area for storing and distributing drugs, and, at one, Carlisle kept a shotgun for Peter Le. *See*, *e.g.*, Vol. 3 at 222, 221; Vol. 5 at 181-85, 200-01; Vol. 7 at 189-91.

[4] Several witnesses testified at trial to having seen Carlisle at the marijuana farm in 2017 and 2018. He broke his foot while working on the farm in 2018. *See*, *e.g.*, Vol. 3 at 264; Vol. 7 at 169-69, 197, 216; Vol. 8 at 37-38.

Subaru to Peter Le's apartment in Merrifield, Virginia, picking up Kevin Aagesen along the way. When they arrived in Merrifield, they met Peter Le in his apartment. Shortly thereafter, Joseph Lamborn and Young Yoo arrived. At the apartment, Peter Le told them that they were going to pick up Brandon White at Loehman's Plaza.[5]

Carlisle drove in his blue Subaru from Merrifield to Loehman's Plaza in Falls Church with Peter Le and Joseph Lamborn. Kevin Aagesen and Young Yoo also drove to Loehman's Plaza in a separate car. In the parking lot of the Giant grocery store, Peter Le and Joseph Lamborn forced Brandon White into the back seat of the blue Subaru. Carlisle then drove the car from Loehman's Plaza to Richmond, Virginia, followed by Kevin Aagesen, Young Yoo, and Fahad Abdulkadir in the second car.[6]

Carlisle drove to a secluded residential area of Richmond, where he parked his car. Peter Le and Joseph Lamborn forced Brandon White out of the blue Subaru. Peter Le, Joseph Lamborn, and Young Yoo then dragged White into a wooded area, where he was stabbed, shot, and killed. Carlisle remained in the blue Subaru. After they killed White, they returned to the two cars, and Carlisle drove back to Northern Virginia with Peter Le and Joseph Lamborn.[7]

Shortly after the kidnapping and murder of Brandon White, Carlisle joined Peter Le, Angel Le, Dane Hughes, and "Black" on a short trip to New York City, staying in Times Square. Later that month, after the initial arrests in the case, Carlisle traveled to North Carolina, where he stayed at an Airbnb property with Young Yoo and "Knuckles," another gang member from California. While they were in North Carolina, they met up with Kyu Hong and Joseph

---

[5] Dkt. 761 at ¶ 13; Vol. 10 at 168-171.

[6] Dkt. 761 at ¶ 14-15; Vol. 9 at 149-50; Vol. 10 at 48-54, 172-80.

[7] Dkt. 761 at ¶ 16-17; Vol. 10 at 54-58, 180-87.

Lamborn, who had arrived from Richmond, where they had tried to move Brandon White's body. Carlisle later drove Hong and Lamborn to a bus station in Kentucky.[8]

On April 15, 2019, Carlisle was arrested in Fairfax County driving his blue Subaru. At that time, Carlisle possessed $23,500 in cash collected from drug customers and numerous cell phones; on one of his phones, the defendant kept a record of money he had collected for drugs distributed by the gang (Dkt. 761 at ¶ 18).

## II.     Sentencing Guidelines

The Probation Office determined that all three offenses group and that the base offense level for the group is 43, decreased by 3 levels for acceptance of responsibility and a timely plea, for an offense level total of 40 (Dkt. 879, ¶¶ 118-127). The United States moves for application of the one-level reduction pursuant to U.S.S.G. § 3E1.1(b). With a Criminal History category I, his guideline range is 292 to 365 months (Dkt. 879, ¶ 155). We ask that the Court adopt the factual findings of the Presentence Report as well as its calculation of the appropriate sentencing guideline offense level and guideline range.

## III.    The 18 U.S.C. § 3553 Factors

The defendant faces a statutory penalty of at least 120 months and a recommended guideline sentence of 292 to 365 months. In its Plea Agreement, the United States agreed not to seek a sentence greater than 240 months. We did so for two reasons. First, three other defendants, Abdullah Sayf, Fahad Abdulkadir and Kevin Aagesen also participated in the kidnapping of Brandon White, and they received sentences slightly less than twenty years. Second, when Carlisle entered his guilty plea, we were facing a six-defendant trial (with nine defense counsel) while still struggling with the possibility of COVID outbreaks and delays.

---

[8] Vol. 5 at 216; Vol. 12 at 71-72, 127-28.

Reducing the number of defendants was a strong consideration in agreeing to a below-guideline sentence for Carlisle. We nevertheless believe that concurrent sentences of twenty years on the three counts of conviction is consistent with the factors articulated in 18 U.S.C. § 3553, which the Court must consider when imposing its sentence.

  A. **The § 3553(a)(1) Factors**

Under § 3553(a)(1), the Court must consider the nature and circumstances of the offense and characteristics of the defendant. The Presentence Report fairly describes the offense of conviction, applicable relevant conduct, and the defendant's family background and personal history, including his criminal history.

  1. **The Nature and Circumstances of the Offense**

The Court is familiar with the government's investigation and prosecution of the Reccless Tigers and those associated with the gang. The gang's drug trafficking was extensive, generating millions of dollars in drug proceeds. Members of the gang distributed marijuana, THC products, cocaine, prescription drugs, ecstasy, and LSD, primarily in Northern Virginia but also in Richmond and other locations. The gang sold its products to middle school, high school, and college students, using social media platforms to market its "brand." Guns were a big part of the gang's image, and gang members armed themselves with handguns, shotguns, and assault rifles as reflected in hundreds of videos and photographs posted on their social media accounts. As the gang's drug networks grew, so did its violence. Those who owed the gang money or offended the gang in some way were threatened, beat up, robbed, firebombed, stabbed, and murdered.

The defendant was a significant and important participant in these activities. Considered "high up" in the gang and Tony Le's "right-hand" man, Carlisle was a trusted and essential

component of the gang's drug enterprise. He handled large quantities of drugs and substantial sums of money for Tony and Peter Le for over five years, transporting marijuana, cocaine, and other drugs and money to and from Northern Virginia and California and also within the metropolitan Washington, D.C. area. He was frequently at the gang's marijuana farm in California. And, when asked to go on a mission that, at a minimum would result in an assault on Brandon White, he readily agreed. Brandon White was not assaulted, of course; he was killed.

### 2. The History and Characteristics of the Defendant

The defendant was born and raised in California. He reported that he had a relatively stable early life, with no serious issues at home or in school. He graduated from high school in 2012. During school, he participated in a number of activities and sports. Following graduation from high school, Carlisle had a few odd jobs for brief periods. He has no significant criminal history and reported no serious substance abuse problems.

### B. The § 3553(a)(2) Factors

Under § 3553(a)(2), the Court must also consider whether concurrent sentences of twenty years on each count satisfies four additional factors. First, as discussed above, a sentence of twenty years would reflect the seriousness of these offenses, promote respect for the law, and provide just punishment for them.

Second, a sentence of twenty years would serve to deter others from committing the same or similar offenses. At the local level, offenses tied to gang activity often resulted in little or no jail time. Without meaningful sentences, criminal organizations such as the Reccless Tigers will continue to flourish. More importantly, Carlisle facilitated a kidnapping and murder. A sentence of at least twenty years is necessary to deter others from blindly doing whatever their

gang colleagues suggest without considering the foreseeable outcomes for their actions.

Third, a sentence of imprisonment of twenty years will protect the public from any further crimes by this defendant.

Finally, a sentence of twenty years may provide the defendant with needed educational or vocational training and any medical or psychological treatment. He may be well served by the educational opportunities afforded by BOP.

C.  The § 3553(a)(6) Factor

Under 18 U.S.C. § 3553(a)(4) and (5), the Court must consider the kinds of sentence and the sentencing range established for the offense under the sentencing guidelines. Under 18 U.S.C. § 3553(a)(6), the Court must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The following chart lists the sentences for each of the defendants sentenced previously by the Court:

| Defendant | Sentence |
|---|---|
| Kevin Aagesen | 188 months |
| Fahad Abdulkadir | 192 months |
| Zu Hun Chang | 42 months |
| Tasneef Chowdhury | 121 months |
| Kyu Hong | 216 months |
| Angel Le | 42 months |
| Tyler Le | 135 months |
| Anthony Le | 92 months |
| David Nguyen | 171 months |

| | |
|---|---|
| Spencer Pak | 120 months |
| Soung Park | 132 months |
| Abdullah Abdow Sayf | 180 months |
| Brandon Sobotta | 7 months |
| Tyler Sonesamay | 120 months |
| Khalil Yasin | 120 months |

Three defendants in this case have plead guilty to having conspired to abduct Brandon White – Abdullah Sayf, Fahad Abdulkadir, and Kevin Aagesen.  They received sentences between 180 and 192 months.  All three of these defendants plead guilty years prior to the defendant's guilty plea.

## Conclusion

For these reasons, and for the reasons set forth in the Presentence Report, we ask that the Court sentence the defendant to 240 months imprisonment on Count 1, Count 4, and Count 6 of the Fourth Superseding Indictment, the sentences to run concurrently with each other, to be

8

followed by a total of five years of supervised release, the payment of restitution to Brandon White's mother, and the payment of a special assessment fine of $100 per count of conviction.

        Respectfully submitted,

        Jessica D. Aber
        United States Attorney

By:           /s/
        James L. Trump
        Carina A. Cuellar
        Ryan Bredemeier
        Assistant United States Attorneys
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3726
        jim.trump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2022, I filed the foregoing pleading with the Clerk of Court using the Court's electronic filing system, which will serve all counsel of record.

By:         /s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov